## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LINDA OLIVER,

           Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

           Agency.

DOCKET NUMBER
PH-0843-24-0432-I-1

DATE: May 27, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda Oliver, New Castle, Delaware, pro se.

Eva Ukkola and Kevin D. Alexander, Sr., Washington, D.C.,
   for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying the appellant former spouse survivor annuity benefits under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

A Federal employee covered by the CSRS may elect to provide a former spouse survivor annuity at the time of retirement, or if the Federal employee retires and thereafter divorces, within 2 years after the dissolution of the marriage. 5 U.S.C. § 8339(j)(3). A former spouse of a Federal employee may be entitled to survivor annuity benefits under the CSRS if expressly provided for in an election under 5 U.S.C. § 8339(j)(3) or in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree. 5 U.S.C. § 8341(h)(1). Subsection 8341(h)(4) explicitly provides that a modification to a decree, order, agreement, or election "shall not be effective (A) if such modification is made after the retirement or death of the employee or Member concerned, and (B) to the extent that such modification involves an annuity under this subsection." Further, pursuant to OPM's regulations, "[a] court order awarding a former spouse survivor annuity is not a court order acceptable for processing if it is issued after the date of retirement or death of the employee and modifies or replaces the first order dividing the marital

property of the employee or retiree and the former spouse." 5 C.F.R. § 838.806(a).

Here, the first order that divided the marital property of the appellant and her former husband, the Ancillary Order, did not mention survivor annuity benefits, and the second order, the Qualified Domestic Relations Order (QDRO), attempted to modify the Ancillary Order by assigning the appellant former spouse survivor annuity benefits under the CSRS. Initial Appeal File (IAF), Tab 7 at 13-15, 115-16. As the administrative judge correctly found, the QDRO was a modification prohibited by 5 U.S.C. § 8341(h)(4) and 5 C.F.R. § 838.806(a) because it was entered 21 years after the former husband's retirement, involved former spouse survivor annuity benefits, and modified the first order (the Ancillary Order) that divided the marital property. ID at 5-7. Thus, we agree with the administrative judge's analysis and conclusion that the appellant is not entitled to a survivor annuity.[2]

---

[2] The appellant argues for the first time on review that there were findings of fraudulent signatures, but the only information related to this argument reflected in the record is a January 10, 2020 letter from the agency to the appellant's former husband informing him that the banking information for his monthly annuity was fraudulently changed in October 2019, and asking him to verify his retirement record information. IAF, Tab 7 at 61-62. The appellant also argues for the first time on review that the agency owes her money, but other than her claimed entitlement to a survivor annuity, the only information in the record about her being owed money is an August 31, 2015 order directing the agency to attach the wages, salaries, commissions, or any other form of payment for labor or services belonging or owing to the appellant's former husband to satisfy a spousal support debt owed to the appellant. *Id.* at 76, 79. The appellant raises these arguments for the first time on review and there is no showing regarding why she was unable to raise them below. Thus, the Board need not consider them. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). In any event, the appellant has not shown either argument's relevance to the issues in this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        *Gina K. Grippando*
                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.